MORRIS, A minor, et al., Appellants,

v.

CHILDREN'S HOSPITAL MEDICAL CENTER et al., Appellees.

[Cite as *Morris v. Children's Hospital Medical Ctr.* (1991), 73 Ohio App.3d 437.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900117.

Decided May 1, 1991.

*John H. Metz,* for appellants.

*Dinsmore & Shohl, Frank C. Woodside III, John E. Schlosser* and *June Smith Tyler,* for appellees Children's Hospital Medical Center and Ellen Kellogg, M.D.

*J. Kenneth Meagher,* for appellee James Heubi, M.D.

---

*Per Curiam.*

This cause came on to be heard upon an appeal from the Hamilton County Court of Common Pleas.

Plaintiffs-appellants, Melissa, Barbara and Walter Morris, have taken the instant appeal from the entry of summary judgment for defendants-appellees,

Children's Hospital Medical Center, Ellen Kellogg, M.D., and James Heubi, M.D., on the plaintiffs' complaint to recover damages for an injury to the arm of Melissa Morris allegedly suffered as a result of the negligence of the defendants and their agents. The plaintiffs advance on appeal four assignments of error.

I

The first, third and fourth "assignments of error" presented by the plaintiffs dissolve into a single challenge to the entry of summary judgment for the defendants. We find this challenge to be well taken in part.

The standard governing the disposition of the defendants' motion for summary judgment is set forth in Civ.R. 56, which provides that a party against whom a claim is asserted may move, with or without supporting affidavits, for summary judgment in his favor on all or any part of the claim. Civ.R. 56(A). A motion for summary judgment may be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact in a light most favorable to the party opposing the motion, determines:

(1) that no genuine issue of material fact remains to be litigated;

(2) that the moving party is entitled to judgment as a matter of law; and

(3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; Civ.R. 56(C).

Under Civ.R. 56, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for his motion and of identifying those portions of "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. The moving party bears this burden even on the issues on which the nonmoving party would bear the burden of proof at trial. *Mitseff, supra.*

The rule does not, however, require the moving party to support his motion with affidavits or similar evidentiary material *negating* the nonmoving party's claim. The moving party may, instead, discharge his responsibility by indicating that the evidentiary material submitted and cognizable on the motion for

summary judgment discloses an absence of evidence to support the nonmoving party's claim. *Catrett, supra; Meinze v. Holmes* (1987), 40 Ohio App.3d 143, 532 N.E.2d 170. It is then incumbent upon the nonmoving party to set forth, by affidavit or otherwise, "specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Catrett, supra; Mitseff, supra.* If, after adequate time for discovery, the nonmoving party fails to make a showing sufficient to establish the existence of an element that is essential to his case and on which he will bear the burden of proof at trial, Civ.R. 56(C) mandates the entry of summary judgment in favor of the moving party, because "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Catrett, supra,* at 323, 106 S.Ct. at 2552, 91 L.Ed.2d at 273; see, also, *Mitseff, supra; Meinze, supra.*

The plaintiffs alleged in their complaint that Melissa Morris, while hospitalized at Children's Hospital Medical Center, suffered a laceration to her arm as a result of treatment administered by the defendants and their agents which fell below the accepted standard of care. In opposition to the defendants' motion for summary judgment, the plaintiffs submitted the affidavit of Melissa's mother, Barbara Morris, and the affidavit of a registered nurse. Barbara Morris averred from personal observation that the laceration to Melissa's arm was caused by the jagged edges of a plastic cup that had been split and placed on Melissa's arm to guard the intravenous site. The registered nurse, in her affidavit, attested to her qualifications and her familiarity with the standards of nursing care and expressed her opinion that the practice of placing a split plastic cup over an intravenous site as a guard constituted a breach of the "accepted standards of nursing care." The defendants maintain in support of the entry of summary judgment in their favor (1) that the plaintiffs' claims against the defendants sound solely in medical malpractice, (2) that a registered nurse is incompetent to give an expert opinion on the liability issues in a medical malpractice action, and (3) that they were entitled to judgment in their favor as a matter of law when all issues of fact were rendered immaterial by the plaintiffs' failure to establish by expert testimony the liability issues of their medical malpractice claims.[1]

### A

■ We address first the defendants' contention that the plaintiffs' complaint states claims only for medical malpractice. We note at the outset that

---

**1.** To prove the "liability issues" of a negligence claim, the plaintiff must establish (1) that the defendant owed a duty to the plaintiff, and (2) that the defendant failed to discharge that duty. *Wise v. Doctors Hosp. North* (1982), 7 Ohio App.3d 331, 7 OBR 427, 455 N.E.2d 1032.

the complaint bears the caption "COMPLAINT MEDICAL MALPRACTICE." However, the caption of a pleading is not controlling. It is, instead, the substance of a pleading that determines its operative effect. *Lungard v. Bertram* (1949), 86 Ohio App. 392, 41 O.O. 502, 88 N.E.2d 308.

In February 1987, when the plaintiffs instituted this action, a "medical claim" was defined for purposes of the one-year statute of limitations for malpractice actions set forth under R.C. 2305.11 as "any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person." R.C. 2305.11(D)(3).[2] The plaintiffs brought suit against a hospital and two physicians. Their complaint alleged, however, that Melissa Morris' injury resulted from negligent conduct on the part of the "defendants and their agents," and as discovery proceeded, it became apparent that the "agents" of the defendants who were alleged to have acted negligently were members of the hospital nursing staff.

A physician or hospital may be held liable under the doctrine of *respondeat superior* for the negligence of a nurse engaged in performing the work of the physician or hospital. See *Baird v. Sickler* (1982), 69 Ohio St.2d 652, 23 O.O.3d 532, 433 N.E.2d 593 (physician); *Holland v. Riverside Methodist Hosp.* (1990), 70 Ohio App.3d 112, 590 N.E.2d 430 (hospital). The Ohio Supreme Court, in *Lombard v. Good Samaritan Med. Ctr.* (1982), 69 Ohio St.2d 471, 23 O.O.3d 410, 433 N.E.2d 162, held with respect to former R.C. 2305.11 that an allegation of negligence against an individual whose occupation is not among those enumerated in R.C. 2305.11(A)[3] or within the common-law definition of "malpractice" does not present a claim for malpractice.[4] See, also, *Campbell v. Beliscus* (Sept. 27, 1989), Hamilton App. No. C–880605, unreported, 1989 WL 110806. Therefore, an action against a physician or hospital seeking recovery under a theory of *respondeat superior* for injuries

---

2. Effective October 20, 1987, the definition of a "medical claim" for purposes of R.C. 2305.11 was amended to include a claim against "any employee or agent of a physician * * * or hospital, or against a registered nurse * * *." R.C. 2305.11(D)(3).

3. Prior to its amendment in October 1987, R.C. 2305.11(A) provided in relevant part: "An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, * * * shall be brought within one year after the cause thereof accrued * * *."
Effective October 1987, R.C. 2305.11(B)(1), which succeeds former R.C. 2305.11(A), provides that "an action upon a *medical * * * * claim* shall be commenced within one year after the action accrued" (emphasis added) and thereby incorporates the more expansive definition of a "medical claim" set forth in current R.C. 2305.11(D)(3). See footnote 1.

4. At common law, the definition of the term "malpractice" was limited to misconduct by members of the medical and legal professions. *Hocking Conservancy Dist. v. Dodson–Lindblom Assoc.* (1980), 62 Ohio St.2d 195, 16 O.O.3d 217, 404 N.E.2d 164.

resulting from the negligence of a nurse is an action in ordinary negligence, not medical malpractice. *Holman v. Grandview Hosp. & Med. Ctr.* (1987), 37 Ohio App.3d 151, 524 N.E.2d 903 (in an action in *respondeat superior* against a hospital for the negligence of a nurse, the nurse need not be joined as a defendant); see, also, *Lombard, supra; Neilsen v. Barberton Citizens Hosp.* (1982), 4 Ohio App.3d 18, 4 OBR 39, 446 N.E.2d 209 (the statute of limitations for medical malpractice actions does not apply to a negligence action against an employee-nurse and his employer-hospital).

The defendants contend that the plaintiffs' complaint did not state a claim for relief in *respondeat superior.* We disagree.

A physician or hospital may be held liable under the doctrine of *respondeat superior* for the negligent acts of a nurse upon proof of a master-servant relationship, *i.e.,* that the physician or hospital had a right of control over and responsibility for the actions of the nurse, and upon proof that the nurse's negligent conduct occurred while he was engaged in performing the work of the physician or hospital. *Baird, supra; Holland, supra;* see, also, *Cervelli v. Kleinman* (1983), 8 Ohio App.3d 247, 8 OBR 320, 456 N.E.2d 1322. The plaintiffs, in alleging in their complaint that Melissa Morris's injury resulted from negligent conduct on the part of the "defendants and their agents," did not plead with specificity the elements of a claim sounding in *respondeat superior.* However, "cause-of-action" pleading, in which the plaintiff is required to allege the existence of the respective elements of the theory of recovery upon which he relies, was abandoned by the adoption in 1970 of the Ohio Rules of Civil Procedure. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 8 OBR 111, 455 N.E.2d 1344; contra *White v. Jackson* (Mar. 6, 1975), Cuyahoga App. No. 33850, unreported (to advance a claim in *respondeat superior,* an employee's scope of employment must be pleaded and proved).

Civ.R. 8, which sets forth the general rules for pleading, provides in relevant part:

"(A) Claims for relief. A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

"* * *

"(E) Pleading to be concise and direct; consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

" * * *

"(F) Construction of pleadings. All pleadings shall be so construed as to do substantial justice."

Civ.R. 8(A) thus introduces the concept of "claim-for-relief" or "notice" pleading, which serves "to simplify pleadings to a 'short and plain statement of the claim' and to simplify statements of the relief demanded * * * to the end that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto." *Fancher, supra* at 83, 8 OBR at 115, 455 N.E.2d at 1348. Civ.R. 8(F) requires that pleadings be "construed as to do substantial justice," and to that end, pleadings must be construed liberally to serve the substantive merits of the action. *MacDonald v. Bernard* (1982), 1 Ohio St.3d 85, 1 OBR 122, 438 N.E.2d 410; see, also, Civ.R. 1(B). Thus, under the Civil Rules:

" * * * [T]he complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." 5 Wright & Miller, Federal Practice & Procedure: Civil (1969), at 120–123, Section 1216; see *Fancher, supra,* 8 Ohio App.3d at 83, 8 OBR at 115, 455 N.E.2d at 1348.

The plaintiffs, in their complaint, alleged that Melissa Morris' injury was caused by the negligence of the "defendants and their agents" and, in the course of discovery, evidence was adduced supporting an allegation of negligence on the part of the hospital nursing staff. The plaintiffs also stated in their memorandum in opposition to the defendants' motion for summary judgment that it had been their position throughout the proceedings that "this is a case of ordinary negligence" and that the affidavit of the registered nurse "demonstrat[ed] that the standard of care was breached by the nurse herein and resulted in the cut in the little girl's arm." Applying the principles of notice pleading, we hold that the allegations of the complaint, coupled with the matters revealed through discovery, were sufficient to place the defendants on notice of claims for ordinary negligence under a theory of *respondeat superior.* See *In re Aircrash in Bali, Indonesia* (C.A.9, 1982), 684 F.2d 1301, certiorari denied *sub nom. Pan American World Airways, Inc. v. Causey* (1989), 493 U.S. 917, 110 S.Ct. 277, 107 L.Ed.2d 258 (in an action against an airline, complaint allegations of negligence by the airline, its agents and its employees, coupled with matters disclosed in discovery, were sufficient to

place the airline on notice of claims for negligence on the part of the airline and claims in *respondeat superior* for the negligence of its crew).

### B

■ Our conclusion that the plaintiffs' complaint states claims both in medical malpractice and in ordinary negligence under a theory of *respondeat superior* is determinative of the issue of whether the registered nurse whose affidavit the plaintiffs submitted in opposition to the defendants' motion for summary judgment was competent to give expert testimony on the liability issues of the plaintiffs' claims.

Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Moncol v. Bd. of Edn.* (1978), 55 Ohio St.2d 72, 9 O.O.3d 75, 378 N.E.2d 155. Thus, to sustain an action founded upon negligence, a plaintiff must demonstrate:

(1) that the defendant had a duty, recognized by law, requiring him to conform his conduct to a certain standard for the protection of the plaintiff;

(2) that the defendant failed to conform his conduct to that standard; and

(3) that the defendant's conduct proximately caused the plaintiff to sustain actual loss or damage. See *id.* at 75, 9 O.O.3d at 77, 378 N.E.2d at 158.

To sustain a claim for medical malpractice, the plaintiff must establish by expert testimony the standard of care of a physician in the community and the physician's failure to provide care in conformity with that standard. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673; *Robb v. Community Mut. Ins. Co.* (1989), 63 Ohio App.3d 803, 580 N.E.2d 451. The plaintiffs, in response to interrogatories posed by the defendants, stated that their expert witnesses had yet to be determined. This response remained unchanged from October 1987, when the plaintiffs served their answers to the interrogatories, until November 1989, when the plaintiffs filed the affidavit of the registered nurse, who testified that the treatment of Melissa Morris was not in conformity with the accepted standards of nursing care. The nurse did not testify to the standard of care of a physician in the community. Because a registered nurse is not "licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state," she was not competent to do so. Evid.R. 601(D).[5] Therefore, the affidavit of the plain-

---

5. Evid.R. 601, which sets forth the general rule of competency, provides in relevant part:
   "Every person is competent to be a witness except:
   " * * *

tiffs' expert was not admissible in opposition to the defendants' motion for summary judgment on the plaintiffs' medical malpractice claims. See Civ.R. 56(E).

We decline, however, the invitation to hold that a registered nurse is incompetent under Evid.R. 601(D) to render expert testimony on the liability issues in an action seeking to hold a hospital or physician liable under the doctrine of *respondeat superior* for the negligence of a nurse. Evid.R. 601(D) incorporates into the evidence rule on competency the provisions of R.C. 2743.43 [6] regarding expert testimony on medical liability issues, and thereby includes the definition of a "medical claim" set forth in former R.C. 2305.11(D)(3). Staff Note to Evid.R. 601(D). We have determined, however, that regardless of the definition of a "medical claim" set forth in former R.C. 2305.11(D)(3), a negligence claim against a physician or hospital seeking recovery under a theory of *respondeat superior* for injuries sustained as a result of the negligence of a nurse states a claim in ordinary negligence, not medical malpractice. See, also, *Holman, supra; Lombard, supra.*

The purpose of Evid.R. 601(D) is not to make proof of a claim more difficult, but to discourage expert testimony on the liability issues of a medical malpractice claim "by a 'professional witness' or a physician who * * * has no first hand knowledge of the daily care of patients," *Wise v. Doctors Hosp.* (1982), 7 Ohio App.3d 331, 334, 7 OBR 427, 431, 455 N.E.2d 1032, 1036, and "to ensure that an expert witness has that special experience necessary to competently advise the trier of fact concerning an alleged failure of care in a medical claim against a clinical practitioner." *Crosswhite v. Desai* (1989), 64 Ohio App.3d 170, 580 N.E.2d 1119; see, also, *Savage v. Correlated Health Serv.* (Oct. 17, 1990), Summit App. Nos. 14491, 14498, unreported, 1990 WL 163922, affirmed in part (1992), 64 Ohio St.3d 42, 591 N.E.2d 1216; *Price v. Cleveland Clinic Found.* (1986), 33 Ohio App.3d 301, 515 N.E.2d 931. The

---

"(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless such person devotes three-fourths of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited university."

6. R.C. 2743.43(A) provides:

"No person shall be deemed competent to give expert testimony on the liability issues in a medical claim, as defined in division (D)(3) of section 2305.11 of the Revised Code, unless:

"(1) Such person is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state;

"(2) Such person devotes three-fourths of his professional time to the active clinical practice of medicine or surgery, osteopathic medicine and surgery, or podiatric medicine and surgery, or to its instruction in an accredited university."

rule should not be applied in a manner that subverts its purpose or makes proof of a claim more burdensome. *Sharp v. Munda* (June 20, 1990), Hamilton App. Nos. C–890227, C–890228, unreported, 1990 WL 83984 (citing *Crosswhite, supra*).

To apply Evid.R. 601(D) to exclude expert testimony by a registered nurse on the liability issues of an action in *respondeat superior* against a hospital or a physician for the negligence of a nurse would in no way advance the purposes of the rule and would make proof of the claim unduly burdensome. In fact, in those instances in which matters relevant to the liability issues in such an action are beyond the experience of the jurors and expert testimony would aid the jury in understanding the evidence or determining a fact in issue, see Evid.R. 702, the application of Evid.R. 601(D) to exclude expert testimony on those issues could make proof of the claim impossible. We, therefore, conclude that, although Evid.R. 601(D) operates to preclude expert testimony by a registered nurse on the liability issues in an action against a physician or hospital for medical malpractice, the rule poses no impediment to expert testimony by a registered nurse on the liability issues in an action in *respondeat superior* against a hospital or physician for the negligence of a nurse.[7] See *Holman, supra.*

## C

Turning finally to the defendants' contention that Civ.R. 56 mandated the entry of summary judgment in their favor, we restate the basic proposition that a negligence claim, whether sounding in ordinary negligence or in medical malpractice, requires proof of injury caused by the failure to discharge a duty owed to the injured party. *Moncol, supra.* The defendants in their motion for summary judgment asserted a failure of proof on the liability issues of the plaintiffs' claims, *i.e.*, the existence of a duty owed by the defendants to the plaintiffs and the failure of the defendants to discharge that duty. It was then incumbent upon the plaintiffs to set forth, by affidavit or otherwise, specific facts showing the existence of a genuine issue of material fact for trial. Civ.R. 56(E); *Catrett, supra; Mitseff, supra.*

---

7. As a consequence of our determination that Evid.R. 601(D) does not preclude expert testimony by the registered nurse on the plaintiffs' ordinary negligence claims, we do not reach the plaintiffs' contention that the application of Evid.R. 601(D) to exclude the nurse's affidavit would constitute a violation of the due-process, equal-protection and right-to-a-remedy guarantees of the Ohio and federal Constitutions. The reviewability of this challenge is also limited by the plaintiffs' failure to raise the issue at the trial level. See *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851; *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* (1985), 23 Ohio App.3d 85, 23 OBR 150, 491 N.E.2d 345.

The liability issues of a medical malpractice claim must be established through expert testimony. *Bruni, supra.* The registered nurse whose affidavit the plaintiffs submitted in opposition to the defendants' motion for summary judgment was not competent to give expert testimony on the liability issues of a medical malpractice claim. Evid.R. 601(D). We, therefore, hold that the defendants were entitled to summary judgment in their favor on the plaintiffs' medical malpractice claims when, after nearly three years of discovery, the plaintiffs failed to make a showing sufficient to establish elements essential to their malpractice claims, and when a failure of proof on those elements necessarily rendered all other facts immaterial.

Expert testimony is not essential to a claim in ordinary negligence, but is admissible in evidence if the witness is qualified as an expert "by knowledge, skill, experience, training or education" and if "scientific, technical, or other specialized knowledge" will aid the trier of fact in understanding the evidence or in determining a fact in issue. Evid.R. 702. The registered nurse, by affidavit, attested to her qualifications and her familiarity with the standards of nursing care and expressed her opinion that the practice alleged to have caused Melissa Morris's injury was not in conformity with the accepted standards of nursing care. She was not incompetent under Evid.R. 601(D) to render expert opinion testimony on the liability issues of an ordinary negligence claim, and, under the standards set forth in Evid.R. 702, her testimony would be admissible at trial. We, therefore, hold that, because the evidentiary material submitted on the motion for summary judgment does not disclose an absence of genuine issues of material fact for trial, summary judgment was improvidently granted for the defendants on the plaintiffs' claims seeking recovery against the defendants under the doctrine of *respondeat superior* for negligent conduct by the nursing staff.

We, therefore, sustain the plaintiffs' first, third and fourth assignments of error to the extent of the challenge presented therein to the entry of summary judgment for the defendants on the plaintiffs' claims against the defendants for the negligence of the nursing staff under the doctrine of *respondeat superior.*

## II

The plaintiffs contend in their second assignment of error that the trial court abused its discretion in denying their motion for a continuance to enable counsel to complete discovery. In light of our determination that summary judgment was improvidently entered for the defendants on the plaintiffs' ordinary negligence claims, we limit our discussion of this challenge to the plaintiffs' malpractice claims and find such challenge to be feckless.

Civ.R. 56(F) provides:

"When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

We find no abuse of discretion in the trial court's failure to refuse the defendants' application for judgment or to order a continuance when the plaintiffs were afforded ample time to conduct discovery and when the affidavit of plaintiffs' counsel submitted in support of the plaintiffs' motion for a continuance did not set forth sufficient reasons for the plaintiffs' failure to present by affidavit facts essential to justify their opposition to the entry of summary judgment for the defendants on the plaintiffs' malpractice claims. See *Murphy v. East Akron Community House* (1989), 56 Ohio App.3d 54, 564 N.E.2d 742. We, therefore, overrule the plaintiffs' second assignment of error.

Upon our determination that summary judgment was improvidently granted for the defendants on the plaintiffs' claims seeking recovery against the defendants upon a theory of *respondeat superior* for negligent conduct by the nursing staff, we reverse that portion of the judgment entered below and remand for further proceedings in accordance with law. In all other respects, the judgment of the trial court is affirmed.

*Judgment affirmed in part, reversed in part and cause remanded.*

UTZ, P.J., SHANNON and HILDEBRANDT, JJ., concur.