CILIOTTA, Appellant,

v.

MERRILL LYNCH, Appellee.

[Cite as *Ciliotta v. Merrill Lynch* (1997), 121 Ohio App.3d 324.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71363.

Decided July 21, 1997.

*Donald M. Levy*, for appellant.

*Kohrman, Jackson & Krantz* and *Alan M. Rauss*, for appellee.

---

BLACKMON, Judge.

Laurie Ciliotta, n.k.a. Laurie Longstreth, plaintiff-appellant, appeals a decision by the trial court granting summary judgment in favor of Merrill Lynch, defendant-appellee. Ciliotta assigns the following error for our review:

"Because all of the circumstances surrounding the hostile and abusive working environment could not properly be decided as a matter of law, summary judgment should not have been granted."

After reviewing the record and the arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.

On August 21, 1995, Laurie Ciliotta filed a complaint against Merrill Lynch alleging sexual discrimination in employment.[1] Ciliotta alleged that she had suffered "profane, abusive and demeaning behavior from her manager" that forced her to leave her job on February 16, 1995, after having served as an administrative assistant since May 1994.

In its answer to the complaint, Merrill Lynch alleged that Ciliotta left her job voluntarily and that she was barred by waiver and/or estoppel and had failed to mitigate her damages. Ciliotta's deposition was taken on June 4, 1996. Ciliotta stated that she was "constantly being cursed out" by her supervisor, Sam Alberico. She also stated that he continually criticized her work. In her deposition, she stated:

"Q: Did Sam Alberico ever tell you orally what his opinion was of the quality of your work?

"A: Yes, he did.

"Q: What did he tell you?

"A: It usually was never good enough.

"Q: Can you be more specific?

"A: If he wanted a photocopy I would get up and make one and he would say, what the f* * * is taking so long.

"* * *

"Q: What else did he say to you about the quality of your work?

"A: It happened to be like certain days. Like if, depending on what was going on, if the phone rang and I'd pick it up and tell him it was the phone, he would be like, look, who the f* * * is it? And he would be like, what the f* * * did they want? It wasn't an everyday, your work this, your work that. It was just certain times."

Ciliotta admitted that Alberico never said anything about her personal character, never made any kind of sexual comment towards her or anyone else in the office, never made any kind of sexual advance toward her, and never touched her in a sexual way.

Merrill Lynch filed a motion for summary judgment on June 12, 1996. Merrill Lynch argued that Ciliotta had failed to prove the elements necessary for her hostile-work-environment sexual-harassment action. According to Merrill Lynch, Ciliotta failed to demonstrate that she was subjected to unwelcome sexual

---

1. Ciliotta attached a copy of a right-to-sue letter dated August 18, 1995 from the Equal Employment Opportunity Commission.

advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature. Merrill Lynch also alleged that Alberico's use of the "f-word," though offensive and unprofessional, does not rise to the level of sexual harassment.

In response to the summary judgment motion, Ciliotta argued that genuine issues of material fact existed as to whether she had been was sexually harassed by her supervisor at Merrill Lynch. Ciliotta attached an affidavit stating that Alberico was "loud and abusive to his female administrative assistants, would use obscene language and shout in our faces" and "created a hostile and offensive work environment." She also attached an affidavit from two of her former co-workers, Teresa Lesko and Michelle Brown, containing the same allegations.

The trial court granted summary judgment in favor of Merrill Lynch on September 5, 1996. This appeal followed.

In her sole assignment of error, Ciliotta challenges the trial court's granting of summary judgment. A party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Civ.R. 56(C). When evaluating a motion for summary judgment, the trial court must construe the evidence most strongly in favor of the nonmovant. *Id.* Consequently, doubts must be resolved in favor of the nonmovant. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141. The nonmovant may not rest on his pleadings, however, but must produce evidence on any issue for which he bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099.

■ In order to prevail on her claim of a hostile workplace environment, Ciliotta had to show that (1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment conduct of a sexual nature; (3) the harass-

ment complained of was based upon sex; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of *respondeat superior* liability. *Delaney v. Skyline Lodge, Inc.* (1994), 95 Ohio App.3d 264, 270, 642 N.E.2d 395, 399–400.

■ Ciliotta argues that the trial court erroneously granted summary judgment because the circumstances surrounding the hostile and abusive working environment could not properly be decided as a matter of law. Citing *Harris v. Forklift Systems, Inc.* (1993), 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295, Ciliotta claims that determining whether an environment is hostile or abusive necessitates a review of all the circumstances—a review that is impossible in a summary judgment context. The *Harris* court listed the following circumstances as relevant to a determination of whether an environment is hostile or abusive: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris*, 510 U.S. at 23–24, 114 S.Ct. at 371, 126 L.Ed.2d at 302–303.

■ We agree with Ciliotta that the *Harris* standard governs a determination of whether an environment is hostile or abusive. However, because Ciliotta failed to go forward with any evidence that she was subjected to harassment of a sexual nature, her claim must necessarily fail.

Evidence that she was subjected to unwelcome harassment of a sexual nature is an essential element of Ciliotta's claim. However, she produced absolutely no evidence that Alberico made any comments of a sexual nature. In fact, in her deposition, she answered "no" when asked if Alberico ever made any kind of sexual comment towards her or anyone else in the office, ever made any kind of sexual advance toward her, or ever touched her in a sexual way. The failure of proof as to this essential element of her claim necessitates the granting of Merrill Lynch's motion for summary judgment. See *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437, 440, 597 N.E.2d 1110, 1111–1112. Consequently, we overrule Ciliotta's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

JAMES D. SWEENEY, C.J., and O'DONNELL, J., concur.