JOURNAL ENTRY AND OPINION
Plaintiffs-appellants, Bella Vista Group, Inc., Jimmy and Doris Smith, Larry and Nancy Williams, Carl and Gwendolyn Trapp and Norma Brown (collectively referred to as "appellants") appeal the decision of the Cuyahoga County Common Pleas Court that denied their motion for summary judgment and granted the cross-motion of defendant-appellee, City of Strongsville ("Strongsville"). For the reasons that follow, we dismiss this appeal because the order from which the appeal emanates is not a final appealable order.
The facts relevant to this appeal are as follows. Appellant Bella Vista Group, Inc. ("BVG") acquired the rights to certain parcels of property located in the city of Strongsville with the intent of developing a retail shopping center. The parcels in question are currently zoned single-family residential. Article VIII, Sections 5 and 6 of Strongville's charter require voter approval before any property can be rezoned for use as a shopping center or from certain residential classifications. In May 1997, BVG submitted an application for rezoning these parcels from residential to commercial use and the issue went on the November 1997 ballot. While the rezoning proposal passed city-wide, it was defeated in the ward where the property is located. BVG thereafter met with Strongsville officials as well as the affected residents and submitted modified proposals to the city. Despite the recommendation of the city's planning commission, council voted against placing the proposed rezoning issue on the next ballot.
In response, appellants filed the within complaint on November 16, 1998, seeking a determination, under count one, that Strongsville's zoning classification is unconstitutional and, under count two, that the referendum process is likewise unconstitutional. Appellants' remaining claims sought damages. Both parties moved for summary judgment. The trial court denied appellants' motion on July 28, 2000. In a contemporaneous entry also journalized on that date, the court stated:
 Defendant-City of Strongsville's cross-motion for summary judgment, filed 10/12/99, is granted as to Count II. The change in zoning would constitute a legislative action, and the referendum process is constitutional. Defendant's motion is denied as to other counts. There remain genuine issues of material fact to be considered by the court. (Emphasis sic.)
On October 11, 2000, the trial court journalized the following entry directed at the very same motions for summary judgment filed above:
 Plaintiffs' motion for summary judgment filed 9-27-99 is denied. Defendant's cross motion for summary judgment filed 10-12-99 is granted.
On October 31, 2000, the trial court journalized yet again another entry. This entry stated:
 Motion for summary judgment filed 9-27-00 [sic] is denied as to Counts I and II. Counts III and IV[1]
are denied as moot. Defendant's cross-motion for summary judgment filed 10-12-99 is granted.
Appellants are now before this court and assign two errors for our review. We are unable to review these assigned errors, however, because the orders that are the subject of this appeal are not final and appealable.
It is well settled that a declaratory judgment action[2] is a special proceeding under R.C. 2505.02 and, therefore, any order entered therein that affects a substantial right is a final appealable order. General Accident Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, paragraph two of the syllabus. Nonetheless, where a trial court fails to include a declaration of the parties' rights in its decision, an appellate court's ability to review that decision is hindered.
 As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration.
Waldeck v. North College Hill (1985), 24 Ohio App.3d 189, 190; see, also, Haapala v. Nationwide Property Cas. Ins. Co. (Nov. 9, 2000), Cuyahoga App. No. 77597, unreported, 2000 Ohio App. Lexis 5229.
In this case, even if we were to construe the court's statement contained in its July 28, 2000 entry regarding count two as a sufficient, though minimalist declaration, the court fails to address the issues associated with count one and the respective rights relevant thereto. Nor will we make any assumptions as to how the court would have declared those rights based on the parties' respective motions for summary judgment. See Haapala, Cuyahoga App. No. 77597, unreported at 8, 2000 Ohio App. Lexis 5229. It is the function of the trial court to construe the ordinance at issue and set forth its reason for doing so.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellants costs herein taxed.
It is ordered that a special mandate be sent to the Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.
[1] Appellant's complaint does not include a separately subdivided fourth count. Under the third count, however, relief in damages was sought separately for both BVG and the individual property owners.
[2] Although appellants' complaint is not captioned as such, it is the substance of a pleading that determines its operative effect. Morris v. Children's Hosp. Med. Ctr. (1991), 73 Ohio App.3d 437, 440-441. Here, appellants are seeking a determination regarding the constitutionality of a city ordinance. Consequently, counts one and two of appellants' complaint are requests for declaratory relief under R.C. 2721.03.