DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Camilla Lovejoy, appeals from the judgment in the Summit County Court of Common Pleas granting the motion to strike Appellant's expert's testimony in favor of Appellee, Dr. Michael Parker. We affirm.
Appellant consulted Dr. Hopkins ("Hopkins") for evaluative purposes concerning a hysterectomy. Following the evaluation, Hopkins suggested that a panniculectomy (tummy-tuck) prior to the hysterectomy would be in Appellant's best interest. Hopkins referred Appellant to Appellee for the panniculectomy. A post-operative complication arose; Appellant developed severe necrosis (gangrene) around the skin where the panniculectomy procedure occurred.
Appellant filed a complaint against Appellee asserting medical negligence. Appellee moved to strike Appellant's sole expert's testimony and moved for summary judgment. The trial court granted both of these motions. Appellant timely appealed asserting one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred by striking the testimony of the [Appellant's] expert which resulted in the granting of summary judgment.
In her sole assignment of error, Appellant avers that the trial court improperly applied Evid.R. 601(D) to exclude the testimony of her expert, Dr. H.D. Peterson ("Peterson"). Particularly, Appellant argues that Peterson satisfied the requirements of Evid.R. 601(D) and excluding his testimony would violate the due process clause. We disagree.
An appellate court reviews a trial court's determination regarding the admissibility of an expert's testimony under an abuse of discretion standard. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In this case, Appellant contends that at the time of her injury, Peterson devoted at least one-half of his professional time to the active clinical practice in his field and therefore, satisfied Evid.R. 601(D). Furthermore, Appellant argues that Peterson's retirement following her injury, but before trial, does not negate his competency. Thus, our analysis focuses on when an expert must be engaged in the "active clinical practice" to be deemed competent to testify.
Retirement alone does not negate an expert's competence to testify if the expert is licensed and engaged in another qualifying activity. SeeHinders v. Miller (Dec. 20, 1984), Montgomery App. No. 8772, unreported, 1984 Ohio App. LEXIS 12025, at *5 (holding that doctor who retired still met the competency requirements of Evid.R. 601(D) because he was still engaged in the active clinical practice of medicine); Crosswhite v.Desai (1989), 64 Ohio App.3d 170, 179 (stating that doctor who retired met the competency requirements of Evid.R. 601(D) since he was the treating physician for the problem at issue). But, see, Ratliff v.Stewart (July 24, 1989), Butler App. No. CA88-07-109, unreported, 1989 Ohio App. LEXIS 2899, at *7 (finding that doctor who retired and stopped treating patients was incompetent under Evid.R. 601(D)). Notwithstanding Peterson's retirement, he must still fulfill the prerequisites to testify as outlined in Evid.R. 601(D). Therefore, we are guided by the explicit words and phrases of Evid.R. 601(D) and construe it according to the rules of grammar and common usage to determine when an expert must be engaged in the active clinical practice. See R.C. 1.42.
Evid.R. 601(D) states in relevant part:
Every person is competent to be a witness except:
 A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician * * * arising out of the diagnosis, care, or treatment of any person by a physician * * * unless the person testifying is licensed to practice medicine * * * and unless the person devotes at least one-half of his * * * professional time to the active clinical practice in his * * * field * * * or to its instruction in an accredited school.
(Emphasis added.) Evid.R. 601(D) states that an expert is competent to be a witness if one-half of his professional time is devoted to active clinical practice when "giving expert testimony."
Appellant and Appellee filed joint stipulations in which both parties agreed to the following facts: (1) Peterson was currently retired; and (2) he does not spend at least one-half of his professional time in the active clinical practice or teaching in his field of specialty. As such, Peterson does not fall within the parameters of Evid.R. 601(D) since he was not engaged in the active clinical practice at the time of his testimony. The fact that Peterson was engaged in active clinical practice at the time of Appellant's injury is irrelevant given that the pertinent timeframe in which Evid.R. 601(D) applies is at the time of testimony.
Appellant further alleges that the exclusion of her expert's testimony infringes upon a fundamental interest, thereby violating the substantive due process clause. The Ohio Supreme Court found that R.C. 2743.43 does not infringe upon a fundamental interest. Denicola v. ProvidenceHospital (1979), 57 Ohio St.2d 115, 119. Evid.R. 601(D) integrates into the rule the provisions of R.C. 2743.43 concerning competency. Morris v.Children's Hosp. Medical Ctr. (1991), 73 Ohio App.3d 437, 445. Due to the integration, Evid.R. 601(D) must also be found not to infringe upon a fundamental interest. Accordingly, Evid.R. 601(D) does not violate the substantive due process clause.
Therefore, we hold that the trial court did not abuse its discretion in determining that Appellant's expert did not satisfy the requirements as provided in Evid.R. 601(D). Consequently, Appellant's assignment of error is overruled.
The judgment in the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.