JOURNAL ENTRY AND OPINION
Plaintiffs-appellants in this case are, with one exception,[1] more than twenty homeowners who live in the vicinity of the former Fisher Body Plant on Coit Road near East 140th Street in Cleveland, which was previously owned by General Motors Corporation. In the complaints later consolidated in the court below, appellants allege that defendants-appellees Metcalf Eddy, Inc. (Metcalf Eddy), Cook Paving 
Construction (Cook Paving), General Construction, Inc., Dart Trucking Company (Dart Trucking), Thompson Ground Development (Thompson Ground) and Allied Waste Systems fka Laidlaw Waste Systems (Laidlaw) negligently performed the demolition of the Fisher Body Plant that caused damage to their property and created a nuisance.[2]
The case proceeded through discovery and while it appears that several depositions were taken, none were filed with the court as provided by Civ.R. 32(A). Moreover, several appellees attempted to exclude the testimony of George Simon, a potential witness for appellants. It appears from the record, however, that the only appellee successful in excluding such testimony was Laidlaw as the trial court's order only references the motion filed by that appellee. Each appellee thereafter moved for summary judgment, which the trial court granted without opinion.
Appellants are now before this court and assign six errors for our review, each error challenging the grant of summary judgment to the six appellees. We cannot, however, reach the merits of appellants' appeal because the order appealed from is not a final order.
It is well established that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See Turner v. Sprague (July 6, 2000), Cuyahoga App. No. 76604, unreported, 2000 Ohio App. Lexis 3041.
Because this appeal involves not only multiple parties but multiple claims, the requirements of Civ.R. 54(B) must be met. This rule provides, in relevant part:
 When more than one claim for relief is presented in an action whether as a claim, * * * and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *.
Therefore, to be final and appealable in this case, an order must meet the requirements of not only R.C. 2505.02 but Civ.R. 54(B) as well. Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596.
Here, appellants allege two claims in their consolidated complaint. The first claim is one for negligence while the second claim is one for nuisance. Yet each of the appellees, with the exception of Dart Trucking, argue only that they are entitled to summary judgment on appellants' negligence claim. Nothing in any of their motions could be construed as an argument entitling them to judgment in their favor on appellants' nuisance claim.[3] Consequently, their respective motions are motions for partial summary judgment.[4] The trial court's order, therefore, adjudicated fewer than all of appellants' claims and did not make an express determination that there was no just reason for delay.
Accordingly, the action is not terminated and the order granting appellees' respective motions for summary judgment is not immediately reviewable.
It is, therefore, ordered that appellees recover from appellants costs herein taxed.
It is ordered that a special mandate be sent to Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and PATRICIA A. BLACKMON, J., CONCUR.
[1] Hartford Fire Insurance Company is listed as a plaintiff in case number 410744 as subrogee to plaintiff-appellant Camilla Kennerly.
[2] Procedurally, this action was originally filed as case number 391834 against the State of Ohio, in particular, the Department of Development and the Department of Administrative Services, and Metcalf 
Eddy. The State of Ohio and the particular departments were not included as defendants in appellants' subsequently amended complaint and are therefore no longer parties to this action. Metcalf Eddy, however, impleaded Cook Paving, General Construction, Dart Trucking, Thompson Ground, Laidlaw Waste, Laidlaw Environmental Services TS and Laidlaw Environmental Services PPM Transcore. Most of these third-party defendants cross-claimed against the other for indemnity and contribution. Appellants later dismissed as parties Laidlaw Environmental Services TS and Laidlaw Environmental Services PPM Transcore and cross-claims filed against them by the various defendants were likewise dismissed. In their third amended complaint, which we note was filed without leave, appellants included the previously impleaded third-party defendants as defendants. Thereafter, case number 410744 was filed by some of the appellants and named as defendants Metcalf Eddy, Cook Paving, General Construction, Dart Trucking, Thompson Ground and Allied Waste Systems fka Laidlaw Waste Systems. The trial court then consolidated the two cases. The parties listed in the body of this opinion are those parties with claims remaining as of the filing of the motions for summary judgment at issue in this appeal.
[3] Arguably, General Construction's motion could be construed to apply to both of appellants' claims because it argues in its motion that it did no work at the site. If it did no work as it is averred in the affidavit accompanying its motion, then appellants' claim for negligence as well as its claim for nuisance would have been appropriately addressed.
[4] Each of the respective motions for summary judgment are not captioned as requests for partial summary judgment. Yet the substance of appellees' motions address only appellants' claim for negligence, except the motion filed by Dart Trucking and arguably that filed by General Construction as previously stated. Because it is the substance of the pleading and not its caption that determines a pleading's operative effect, we construe appellees' motions, other than those filed by Dart Trucking and General Construction, as motions for partial summary judgment. See Morris v. Children's Hosp. Med. Ctr. (1991),73 Ohio App.3d 437, 440-441.