ALEX N. SILL COMPANY, APPELLEE, *v.*
FAZIO, APPELLANT.

(No. 42064—Decided May 28, 1981.)

*Ms. M. Colette Gibbons,* for appellee.
*Mr. Joseph Bancsi,* for appellant.

KRENZLER, C.J. This case arises from a breach of contract action filed in the Bedford Municipal Court on August 11, 1978, by plaintiff-appellee, Alex N. Sill Company, against Joseph S. Fazio, appellant herein. A second defendant was subsequently dismissed pursuant to Civ. R. 41(A)(1).

The record reveals that this case was replete with delays and continuances. The parties three times stipulated that appellant be given additional time to answer. Appellant's answer was finally filed pursuant to the granting of a motion to file instanter, and appellant further requested and was granted a continuance for a pretrial hearing.

A letter sent to counsel for the parties by the clerk of the Bedford Municipal Court on August 13, 1979 indicates that the case was first set for trial on October 4, 1979; the trial was continued to October 30, 1979 at the request of appellee's counsel. Counsel for appellant then obtained a continuance to November 29, 1979 on the basis of his prior commitment to another trial elsewhere in Ohio. When neither party appeared for trial on November 29, 1979, the cause was dismissed; the case was reinstated, however, upon the granting of appellee's motion to vacate the judgment of dismissal.[1] The judgment entry vacating the dismissal, dated December 27, 1979, set the trial for January 29, 1980, and stated that no further continuances would be granted. We note that all of the aforementioned continuances were obtained informally after letter requests by counsel. Further, the only trial date ever journalized by the Bedford Municipal Court was the January 29, 1980 date.

---

[1] An affidavit of counsel for appellee indicated that the vacation of judgment was sought on the ground of excusable neglect of appellee's counsel. The excusable neglect was premised upon an unmet promise of appellant's counsel to seek a continuance of the November 29 date as appellant's counsel was scheduled for another trial on that date.

On January 28, 1980, counsel for appellant filed a motion for continuance of the January 29, 1980 trial date. The ground for the motion for continuance was that he was in the midst of a trial in Lorain County, Ohio. He asserted that he had not earlier requested the continuance because he had anticipated a settlement of the Lorain County case which would have enabled him to appear in Bedford Municipal Court on January 29, but that he was unable to reach such a settlement. Attached to the motion for continuance was a copy of the Lorain County Court of Common Pleas docket sheet, which showed that on September 4, 1979 that court journalized its entry setting its case involving appellant's attorney for trial on January 28, 1980. On January 29, 1980, the Bedford Municipal Court denied appellant's motion for continuance in the instant case and rendered a judgment in favor of appellee after hearing appellee's evidence. This judgment was journalized on January 31, 1980.

Appellant timely filed his notice of appeal, and sets forth the following assignments of error:

"I. The Bedford Municipal Court committed prejudicial error as a matter of law when it denied appellant's motion for continuance and entered judgment by default against appellant in violation of M.C. Sup. R. 16, and in violation of appellant's due process of rights [sic] guaranteed by the Amendment XIV of U.S. Constitution and by Article I, Section 16, of the Ohio Constitution.

"II. M.C. Sup. R. 16 mandates that a Municipal Court must grant a request for continuance of a trial when it is based upon counsel being scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state when such other case was first set for trial, and the Supreme Court did not grant any discretion to the Municipal Court with respect to such request.

"III. M.C. Sup. R. 16 does not authorize a Municipal Court to enter judgment against a party at a scheduled trial in absence of his attorney who is participating in a jury trial in another trial court of this state when such jury trial was set prior to the trial where the judgment was entered."

The three assignments of error will be considered together, as all three assert in substance that the trial court erred in overruling appellant's motion for continuance and thus rendering it infeasible for his counsel to defend against appellee's claims at the January 29, 1980 *ex parte* adjudication in Bedford when he was already in the midst of trying the Lorain County case.

A determination of the propriety of the Bedford Municipal Court's actions depends upon a reading of M.C. Sup. R. 16(B) and (C). Those sections provide:

"(B) Conflict of trial assignment dates. When a continuance is requested for the reason that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case which was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial. The granting of any other request for continuance of a scheduled trial is a matter within the discretion of the trial court.

"(C) Engaged counsel. If a designated trial attorney has such a number of cases assigned for trial in courts of this state so as to cause undue delay in the disposition of such cases, the administrative judge may require the trial attorney to provide a substitute trial attorney. If the trial attorney fails to provide a substitute trial attorney, the administrative judge shall remove him as counsel in the case. If the trial attorney was appointed by the court, the court shall appoint a substitute trial attorney."

A threshold issue to our determination is the proper application of M.C. Sup. R. 16(B) insofar as it calls for priority of

the case "first set for trial." The purpose of this rule is to resolve conflicts and determine priorities in scheduling of trials when trial counsel is scheduled to appear in more than one case in more than one court at the same time. Under these circumstances, the case first set for trial shall have priority.

When a trial court first selects a date for trial, it has priority as to that date. If no other court picks that date for trial of another case, obviously there is no conflict. A conflict of trial assignment dates will only arise if another court subsequently selects the same trial date. In that event, the court that first selected that date will have priority for trial on the conflicting date. In other words, should multiple courts all select a particular trial date, the case having been first set for trial on that date, and that date only, is the case "first set for trial" within the meaning of M.C. Sup. R. 16(B). This applies whether the date was originally selected by the court or selected as the result of continuance. The court which later sets a trial for the same date has created the conflict and must yield.

This priority is not, however, a continuing priority and is extinguished in the event that the first court that sets a trial date later changes the trial date of its case and thereby creates a conflict of assignment dates with some other court. The first court only had priority for its original trial date by virtue of having selected that particular date before the second court also selected it. When the case was continued, its priority was extinguished. The mere fact that a court has first selected one trial date for a case does not give it priority to try that case on other dates.

Applying this holding to the instant case, it is clear that the Lorain County case was first set for the January 29, 1980

trial date. The Lorain County Court of Common Pleas journal entry setting that date was entered on September 4, 1979; the Bedford Municipal Court judgment entry setting the instant case for trial on the same date was not made until December 27, 1979. A literal reading of M.C. Sup. R. 16(B) would, therefore, seem to indicate that the Bedford Municipal Court erred in not granting appellant's motion for continuance, as the rule states that the case first set for trial "shall" have priority. It is our judgment, however, that such a strict reading of the rule would defeat its purpose.

M.C. Sup. R. 16 is designed to provide trial courts with guidance in controlling their dockets. Section (B) of the rule determines the proper priority of cases, while Section (C) addresses the problem of undue delay resulting from numerous continuances necessitated by a trial attorney's continual invocation of the dictates of Section (B). Section (C) permits the court to remove an over-scheduled attorney from a case so that the case may proceed to trial as scheduled. It is obvious that the court must know of an attorney's scheduling conflicts sufficiently in advance of the trial date in order to implement the attorney replacement mechanism of Section (C). We thus hold that implicit in M.C. Sup. R. 16(B) is the duty of an attorney to request a continuance due to conflicting trials as soon as the conflict becomes obvious.

It follows that since the case later set for trial on the conflicting date is the one for which the continuance will be sought, the attorney's duty will always mature when the court journalizes its entry setting the later-set case for trial. The attorney must therefore move[2] for any continuance grounded upon M.C. Sup. R. 16(B) within a reasonable time after the

---

[2] M.C. Sup. R. 16(A) provides, in part:

"(A) Continuances. No party shall be granted a continuance of a trial or a hearing without a *written motion* from the party or his counsel stating the reason for the continuance." (Emphasis added.)

We recognize that local customs allow continuances to be requested informally by letter

case not having priority is set for the conflicting trial date. We decline to set forth an ironclad rule for determining the timeliness of the motion, although we stress that expedition is the key to timeliness.[3]

In the instant case, appellant asserts that no motion for continuance of the January 29, 1980 trial date in Bedford Municipal Court was made because his counsel had anticipated that the Lorain County case set to commence trial on January 28, 1980 would have been settled. It is our judgment that this belief of counsel does not excuse appellant's failure to seek a continuance in the Bedford Municipal Court.

The duty to move for a continuance of a case set for trial on the same date as an attorney has another trial already scheduled is not abrogated by the possibility that the earlier set case will be settled or otherwise disposed of prior to trial. If the attorney chooses to delay a motion for continuance because of an expectation that the scheduling conflict will be resolved, it is done at the risk that no continuance will be granted in the later-set case. A trial court may exercise its discretion in deciding whether a motion for a continuance was timely made, and if it holds that the motion was not timely, it may proceed to adjudication of the case *ex parte*. If the motion was timely made, the court then has no discretion to overrule it.[4] M.C. Sup. R. 16(B). The court must also specify a date certain for trial when the continuance is granted. See M.C. Sup. R. 16(A), which provides in part that "[n]o court shall grant a continuance to any party at any time without first setting a definite date for the trial or hearing."

Although the foregoing discussion renders it clear that appellant's assignments of error are not well taken, we note that this may well have been a case in which the provisions of M.C. Sup. R. 16(C) might have been justifiably invoked. The Bedford Municipal Court was in all likelihood aware that the majority of the delays in this case had been the result of the commitment of appellant's counsel to other litigation. However, if the record itself does not indicate that stipulated leaves to plead, motions for continuances, and the like are due to the caseload of a party's attorney, it is incumbent upon the other party to call the situation to the court's attention within a reasonable time after it becomes obvious to counsel that an application of M.C. Sup. R. 16(C) may be appropriate.[5] Thus, the party faced with delays due to opposing counsel's workload also has a duty relative to continuances, that of seeking review by the administrative judge. If this duty is not met,

---

or upon oral motion. These customs provide for expediency and, in most cases, the continuances so granted are not troublesome. Thus, we do not hold that any continuance granted other than upon written motion is per se erroneous, although it is clearly the better practice for counsel to seek a continuance pursuant to a written motion addressed to the court. We do hold, however, that a party who does not challenge the grant of an informally obtained continuance prior to or upon its journalization will not be heard to later complain that the lack of compliance with M.C. Sup. R. 16(A) was prejudicial error.

[3] We note that where it appears that substitution of attorneys pursuant to M.C.

Sup. R. 16(C) is likely, the motion should be made, when feasible, sufficiently in advance of the trial date to allow substitution of attorneys without further continuance.

[4] The trial court does, of course, retain its discretion to grant or deny a continuance when the ground is something other than that counsel is scheduled to appear in another, earlier-set case on the same date. In this regard, M.C. Sup. R. 16(B) states, in part, that "* * * [t]he granting of any other request for continuance of a scheduled trial is a matter within the discretion of the trial court."

[5] The proper vehicle for initiating the court's scrutiny of opposing counsel's caseload

that party may not subsequently oppose a timely motion for continuance grounded upon a conflict of trial assignment dates nor assert prejudicial error in the continuance of the case pursuant to M.C. Sup. R. 16(B).

Since in the instant case appellant's motion for continuance was untimely, appellee's failure to seek removal of appellant's counsel has no effect on our disposition of this case on appeal.

We therefore affirm the judgment of the Bedford Municipal Court.

*Judgment affirmed.*

DAY and CORRIGAN, JJ., concur.

---

as causative of undue delay is a motion seeking an order that substitute counsel be provided. This motion should be directed to the administrative judge, who alone may issue such an order. See M.C. Sup. R. 16(B). The administrative judge obtains authority to hear such a motion from the plenary power granted to the administrative judge by M.C. Sup. R. 2(B), which provides, in part: "The administrative judge shall have full control over the administration, docket and *calendar* of the court. He shall exercise the powers conferred upon him by these rules * * *." (Emphasis added.)