TOUCHE ROSS & CO., APPELLEE, *v.* LANDSKRONER ET AL., APPELLANTS.

(No. 48007—Decided
November 26, 1984.)

*Thompson, Hine & Flory, Brett K. Bacon* and *Virginia S. Brown,* for appellee.

*George Braun,* for appellants.

NAHRA, J. From February 1981 through January 1982, Touche Ross & Co., appellee, provided various tax and accounting services for Lawrence Landskroner and Landskroner & Phillips Co., L.P.A., appellants. Appellee billed appellants for services rendered in the amount of $10,501, of which only $882 has been paid. Appellee brought suit for the balance, $9,619. Following a trial to the bench, the court entered judgment for appellee. Appellants have timely appealed.

I

Appellants' first assignment of error is that:

"The trial court abused its discretion in not granting a continuance due to the absence of the defendant from the courtroom."

The granting or denying of a motion for continuance rests within the sound discretion of the trial court. See C.P. Sup. R. 7. Absent an abuse, this court will not disturb the decision of the trial court.

The record indicates that at a pretrial conference held on September 15, 1983, the court set this case for trial on December 9, 1983. On November 7, 1983, appellant Lawrence Landskroner, a party-attorney representing himself, was notified that an arbitration hearing had been scheduled in Columbus for December 9. The trial court indicated that although Landskroner knew of the conflict in the beginning of November, no contact was made with the court until December 6, three days before the scheduled trial, and that contact was by a telephone call from Landskroner's secretary. At that point, appellee's counsel expressed an unwillingness to delay the trial.

On December 7, new counsel for appellants filed a motion for a continuance for the reasons that Landskroner would be unavailable for trial since he would be attending the arbitration hearing and that new counsel lacked adequate time to prepare for trial. The court called appellants' new counsel and explained that no continuance would be granted without the consent of appellee's counsel. The court suggested that appellants' counsel contact opposing counsel to try to obtain an agreed continuance. The record affirmatively indicates that new counsel did not contact appellee's counsel. The court indicated it felt it was being taken advantage of and treated lightly and subsequently overruled appellants' motion for a continuance.

Under these circumstances, this court cannot say the trial court abused its discretion. When trial dates conflict, the case first set for trial has priority. C.P. Sup. R. 7(B); see *Alex N. Sill Co.* v. *Fazio* (1981), 2 Ohio App. 3d 65. At the time the conflict herein became apparent, Landskroner was the attorney of record. Denial of a continuance because of substitution of counsel at the eleventh hour when the original trial counsel was aware of a trial conflict more than one month prior to the first scheduled trial cannot without more be deemed an abuse of discretion. Original counsel had adequate time to request a continuance of the arbitration, to obtain new counsel earlier, to request appellee's counsel and the court for a continuance of this case earlier, or to record his testimony. Accordingly, appellants' first assignment of error is overruled.

## II

Appellants' last assignment of error is that:

"The trial court erred in allowing plaintiff to introduce evidence other than original entries in proving the existence of an account."

At trial, appellee introduced computer printouts detailing the amount of time expended on appellants' account. Appellants contend that these printouts were improperly admitted since they were not the original entries. Evid. R. 1001(3), however, provides that if data is stored in a computer, any printout is considered an original. In addition, Mr. Petrenko, who worked on appellants' accounts, testified as to the services rendered. R.C. 2317.03(F), cited by appellants, is inapplicable to this case. Appellants' last assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and ANN McMANAMON, J., concur.