MURPHY, APPELLANT, *v.*
EAST AKRON COMMUNITY HOUSE
ET AL., APPELLEES.

(No. 14208—Decided
December 6, 1989.)

*William R. Holland,* for appellant.
*Benesch, Friedlander, Coplan &
Aronoff, David A. Schaefer* and *David
Ledman,* for appellees.

QUILLIN, P.J. In this age and race
discrimination case, plaintiff-appel-
lant, Goldie M. Murphy, appeals the
decision of the trial court granting
summary judgment in favor of East
Akron Community House ("EACH"),
East Akron Neighborhood Develop-
ment Corporation ("EANDC"), and
Cazzell Smith. We affirm.

EACH is an Ohio nonprofit cor-
poration which provides housing ser-
vices and other community assistance.
EACH is funded primarily by chari-
table donations and money from gov-
ernment. EANDC is also an Ohio non-
profit corporation which provides
neighborhood rehabilitation and
development assistance. EACH and
EANDC are separate legal entities and
have separate boards of trustees.
Smith is the Executive Director of
EACH.

Murphy was born February 19,
1943. EACH hired Murphy, a black
female, for the position of secretary-
receptionist in 1969. She was pro-
moted in 1980 to administrative assis-
tant; however, she was reassigned to
the position of secretary-receptionist
in 1982.

In 1987, EANDC advertised a job
opening for a Housing Specialist.
EANDC's board of trustees inter-
viewed several candidates and hired
Luke Smiraldo, a white male under the
age of forty.

In March 1987, EACH was forced
to reduce its work force due to
budgetary problems. Murphy's full-
time position, along with that of the
other full-time secretary, Linda Slack,
age thirty-two, was eliminated by a
vote of EACH's board of trustees.
Murphy was offered a part-time posi-
tion or termination. Murphy ter-
minated her employment on April 2,
1987.

After the Equal Employment Op-
portunity Commission and the Ohio
Civil Rights Commission dismissed her
charges, Murphy filed a complaint in
the Summit County Common Pleas
Court. EANDC, EACH, and Smith
filed a motion to dismiss, which the
trial court treated as a motion for sum-
mary judgment. The trial court

granted summary judgment in favor of EANDC, EACH, and Smith.

Murphy raises three assignments of error.

### Assignment of Error I

"The common pleas court below erred, to the substantial prejudice of plaintiff-appellant, by ignoring, and not ruling upon or even addressing, her motion under Ohio Civil Rules 6 and 56(F) for *stipulated* enlargement of time to further oppose the motion for summary judgment of defendants-appellees, and by proceeding, instead, and rushing to judgment to grant the motion." (Emphasis *sic.*)

Murphy contends that the trial court abused its discretion by denying her an opportunity to further respond to the motion for summary judgment pursuant to Civ. R. 6 and 56(F). We disagree.

Civ. R. 56(F) provides:

"When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

Murphy included the following reasons in her motion for an extension of time filed on June 19, 1989:

"* * * [Plaintiff] hereby moves this Court for an Order granting a one-week extension of time, to and including June 26, 1989, within which time to file her opposition to defendants' motion for summary judgment *for the reasons and upon the grounds that the undersigned sole practitioner's schedule was unexpectedly and unavoidably preempted by an unextendable deadline for filing a petition for rehearing in the U.S. Sixth Circuit Court of Appeals; that the defendants will not be thereby prejudiced, as witnessed by their consent; that as trial herein is not set until August 24, 1989, this court's docket should not be unduly burdened by such slight enlargement; and that such additional time should enable plaintiff to fully brief the issues and file comprehensive evidentiary matter for an informed and just disposition of this case."* (Emphasis added.)

Murphy did not assert in her motion that the facts necessary to support her allegations were not available to her or that she required additional time for additional discovery. The motion was neither supported by affidavit, nor mentioned Civ. R. 56(F). See *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86, 92, 20 O.O. 3d 71, 75, 419 N.E. 2d 883, 887; *Tucker* v. *Webb Corp.* (1983), 4 Ohio St. 3d 121, 122-123, 4 OBR 367, 368-369, 447 N.E. 2d 100, 102. Therefore, the trial court was not required to grant Murphy additional time to respond. *Grange Mut. Cas. Co.* v. *State Auto. Mut. Ins. Co.* (1983), 13 Ohio App. 3d 217, 217-218, 13 OBR 267, 268, 468 N.E. 2d 909, 910.

Accordingly, the proper standard is contained in Civ. R. 6(B), which provides:

"Time: extension. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the court for cause shown may at any time in its discretion* (1) * * * *order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order,* or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and

Rule 60(B), except to the extent and under the conditions stated in them." (Emphasis added.)

As a result, we must determine whether the trial court abused its discretion in denying Murphy's motion for a week's extension of time. See *Touche Ross & Co.* v. *Landskroner* (1984), 20 Ohio App. 3d 354, 20 OBR 354, 486 N.E. 2d 850.

In this instance, the motion to dismiss which was transformed into a motion for summary judgment was filed on May 23, 1988. Appellees' last brief in support of their motion was filed on March 27, 1989. The trial court gave Murphy until June 19, 1989 to respond. Based upon the time available for Murphy to respond, we cannot say that the trial court abused its discretion in not granting Murphy's motion filed on the afternoon of June 19, 1989 for additional time.

The first assignment of error is overruled.

### Assignment of Error II

"The court below erred in granting summary judgment on the claim of the former employee plaintiff for wrongful discharge because of her age, in violation of the ADEA, by the defendants former employer EACH and its officer Smith in a purportedly economically necessitated reorganization, personnel cutback or reduction in force ('RIF'), by positing that she had not, in invoking an indirect mode or formulation of proof of discriminatory treatment, established the illogical element that she was directly replaced by a younger person in a job 'eliminated' in the RIF, even though her duties were assumed and work was parcelled out to younger persons or they were treated more favorably in the RIF."

Murphy contends that the trial court erred in determining that in order to establish a prima facie case of age discrimination she must show that she was directly replaced by a younger person when her job was eliminated due to a reduction in force. Murphy asserts that she has established a prima facie case when she shows that her work was parcelled out to younger employees. We disagree.

When there is a reduction in force, a prima facie case of age discrimination is not established unless the employee shows that he was replaced by a younger person. The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination. *LaGrant* v. *Gulf & Western Mfg. Co.* (C.A. 6, 1984), 748 F. 2d 1087, 1090. An employee in such reorganization cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a prima facie case. *Id.* at 1091; *Ridenour* v. *Lawson Co.* (C.A. 6, 1986), 791 F. 2d 52, 57.

Therefore, in a reduction in force situation where the plaintiff's position is eliminated and not refilled, the prima facie burden is somewhat heavier. *Chappell* v. *GTE Products Corp.* (C.A. 6, 1986), 803 F. 2d 261, 266. Often when a company is in severe financial straits, it may face difficult choices in deciding which employees must be laid off to help curtail operating expenses. At times, such business decisions may force the company to eliminate jobs held by members in a protected category. When those situations arise, a plaintiff alleging that he was laid off for discriminatory reasons necessarily has a more difficult time proving his case. *Id.* at 267-268.

In the instant case, the record reflects that Murphy presented no additional evidence such as the cost savings of employees discharged compared to recent increases in salaried

personnel, statistics of profits versus losses, or evidence of raises given to other employees. See· *McMahon* v. *Libbey-Owens-Ford Co.* (C.A. 6, 1989), 870 F. 2d 1073, 1077. Also, it is undisputed that the only other full-time secretary was also terminated even though she was not a member of the protected class between the ages of forty and seventy. Murphy's contention that her duties were divided between two part-time secretaries, ages twenty-one and twenty-five, is based on the answers to interrogatories which are not contained in the record. Because it is an appellant's responsibility to file an adequate record so that an appellate court can evaluate the merits of an argument, *Meinhard Commercial Corp.* v. *Spoke & Wheel, Inc.* (1977), 52 Ohio App. 2d 198, 201-202, 6 O.O. 3d 180, 182, 368 N.E. 2d 1275, 1277, we are unable to properly review her allegation. In any event, EACH responded, based on those same interrogatories, that the part-time secretaries were a student and an unpaid volunteer.

The record provided by Murphy does not support her allegation that her position was eliminated for any reason other than legitimate business concerns. Therefore, the trial court properly determined that Murphy failed to establish a prima facie case, *i.e.,* she was replaced by a younger person. Moreover, Murphy does not contradict Smith's sworn statement that he was not a member of EACH's board of trustees or EACH's personnel committee and therefore had no responsibility for employment decisions.

Accordingly, the trial court properly granted summary judgment in favor of both EACH and Smith.

The second assignment of error is overruled.

### Assignment of Error III

"The court below erred by invading the province of the jury in rendering 'Findings of Fact' on the conflicting evidence of affidavits (of defendant Smith) that the Black former employee plaintiff did not apply for a position with defendant Development, in a new opening filled by a white person before her RIF discharge from defendant EACH, versus her sworn Charges of discrimination ('Charges') filed with the U.S. Equal Employment Opportunity Commission ('EEOC') and the Ohio Civil Rights Commission ('OCRC') and annexed by true copies to her complaint commencing this action, that she was qualified for the position and did apply or was discouraged by defendants from doing so; and further thereby erred by ruling that she was unable to establish a *prima facie* case of refusal to hire and 'make . . . contracts' because of her race in violation of Section 1981."

Murphy contends that there existed a genuine issue of fact concerning whether her failure to apply for the position or her race was the reason that she was not hired as the new Housing Specialist. We disagree.

In order to prove a prima facie case, the plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination. See *Texas Dept. of Community Affairs* v. *Burdine* (1981), 450 U.S. 248, 253.

Civ. R. 56(C) provides that before summary judgment may be granted, the trial court must determine that no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to

that party. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274.

In his affidavit, Cazzell Smith, the Executive Director of the East Akron Community House, states that Murphy never applied and thus was never considered for the job opening as a Housing Specialist in EANDC, that EANDC posted the job opening and interviewed several candidates for Housing Specialist, and that the EANDC Board of Trustees voted and chose Luke Smiraldo.

Murphy's charge of discrimination, filed with the Ohio Civil Rights Commission, on January 12, 1988, states that she was preparing a proposal for this position. We cannot say that the trial court erred in determining that preparing a proposal does not constitute applying for the position and, thus, that no genuine issue of fact remained. Moreover, because Smith was an employee of EACH and not EANDC, the trial court also properly determined that Smith was entitled to judgment as a matter of law.

The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CIRIGLIANO, JJ., concur.