OPINION
{¶ 1} Appellants appeal the judgment entry of the Ashtabula County Court of Common Pleas, which denied appellants' motion for a continuance and compelled them to proceed to trial unrepresented. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On September 27, 2005, appellee, Katherine M. Timeoni, filed a complaint against appellees, Cheryl Ciancibelli and Spinning Wheel Farms, Inc., alleging claims of breach of contract, quantum meruit, bailment, conversion, punitive damages, and replevin.
 {¶ 4} On January 17, 2006, a pretrial conference was scheduled for April 24, 2006. On March 1, 2006, appellee Timeoni was given leave to file a second amended complaint, which added new defendants, appellants, Carol and Tom Hannan. On March 21, 2006, appellants' counsel, Michael O'Shea, filed a motion for a more definite statement.
 {¶ 5} On April 24, 2006, the pretrial conference was held, and counsel for appellee Timeoni and appellee Ciancibelli, appeared. Apparently, appellants' counsel did not appear at the pretrial conference presumably because the notice of same was issued prior to the filing and service of the Second Amended Complaint. At the pretrial, the court scheduled the jury trial for October 4, 2006 at 8:30 a.m.
 {¶ 6} On April 27, 2006, the court issued a judgment entry, which scheduled mediation for May 30, 2006. On April 28, 2006, the court issued a judgment entry, which, inter alia, overruled appellants' motion for a more definite statement. The judgment entry also set deadlines for submission of expert witness reports, motions for summary judgment, submissions of trial exhibits, and scheduled the trial for October 4, 2006.
 {¶ 7} On May 19, 2006, appellants filed their answer and cross-claims. On May 25, 2006, appellants' attorney filed a motion to continue the May 30, 2006 mediation *Page 3 
citing two conflicting hearings scheduled for the same day; one in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, at 1:30 p.m.; and the other a federal sentencing hearing scheduled for 3:00 p.m.
 {¶ 8} After an unsuccessful mediation, the case remained on the docket as an anticipated jury trial until the parties finally agreed to try the case to the judge. A written stipulation to that effect was not filed with the court until October 2, 2006. On that same day, two days before trial, the court phoned counsel to advise that the court had to delay the start of the trial from October 4, 2006 to October 5, 2006, due to an ongoing criminal trial.
 {¶ 9} On October 3, 2006, both appellee Timeoni and appellee Ciancibelli complied with the trial order, and filed and exchanged witness and exhibit lists. Appellant did not comply with this trial order and instead filed a motion for a continuance by facsimile, which was denied by the court on October 4, 2006. On the evening of October 4, 2006, counsel for appellant sent a letter to the court via facsimile, advising the court that he would "* * * work to timely complete" his matters in the Rocky River Municipal Court and "* * * then immediately get in [his] car to drive to [the] courtroom for this case."
 {¶ 10} On October 5, 2006, the case proceeded to a one-day bench trial, where appellants presented their case without their counsel present. Counsel for appellants never appeared in court on the day of trial. In fact, counsel contacted his clients by phone twice, once at 12:30 p.m. and again at 1:30 p.m. and also spoke with counsel for the co-defendant at the time of the second call, and decided to turn his car around and not appear in court. *Page 4 
 {¶ 11} Judgment was entered against appellants on the counts of the Second Amended Complaint directed against them.
 {¶ 12} Appellants now timely raise the following assignment of error:
 {¶ 13} "The trial court violated Ohio law by overruling the motion to continue and [sic] compelling the Appellants to proceed unrepresented."
 {¶ 14} Appellants did not appeal the underlying judgment entered against them.
 {¶ 15} Standard of Review
 {¶ 16} "It is well-established in Ohio that the decision to grant or deny a continuance * * * rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion." DeFranco v. DeFranco (2001), 11th Dist. No. 2000-L-147, 2001-Ohio-4338, at 4, citing Burton v. Burton (1999),132 Ohio App.3d 473, 475; In re Kriest (Aug.6, 1999), Trumbull App. No. 98-T-0093, 1999 Ohio App. LEXIS 3605, at 7; McGraw v. Convenient Food Mart (June 18, 1999), Lake App. No. 97-L-271, 1999 Ohio App. LEXIS 2818, at 14. "An abuse of discretion connotes more than a mere error of law or judgment; rather it implies that the trial court's attitude was unreasonable, arbitrary, or capricious." Id. at 5, citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 17} "In determining whether the trial court abused its discretion in granting or denying the motion for a continuance, the reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the defendant." Id. at 5, citing Griffin v.Lamberjack (1994), 95 Ohio App.3d 257, 264.
 {¶ 18} The Supreme Court of Ohio in State v. Unger (1981),67 Ohio St. 2d 65, 67-68, specifically outlined some of the objective factors that a reviewing court should *Page 5 
consider: "* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." See, also, DeFranco at 5-6, citing In re Dietrich (Dec. 12, 1997), Geauga App. No. 96-G-2020, 1997 Ohio App. LEXIS 5561, at 5.
 {¶ 19} Motion for a Continuance
 {¶ 20} In their sole assignment of error, appellants appeal the judgment of the trial court, which denied their motion for a continuance and compelled appellants to proceed to trial unrepresented. We reject appellants' argument and affirm the trial court's denial of the motion for a continuance.
 {¶ 21} The general rule, pursuant to Sup. R. 41(B)(1) is that "when two or more cases are assigned the same trial date in different Ohio trial courts, the case that was first set for trial shall have priority and shall be tried on the assigned date. Continuances should be granted in the other cases unless a motion for continuance is filed less than thirty days prior to trial." Wheaton Industries, Inc. v. Fashion TwoTwenty, Inc. (1993), 11th Dist. No. 90-P-2185, 1993 Ohio App. LEXIS 4066, at 7.
 {¶ 22} Specifically, appellants argue that the court abused its discretion by not granting appellants' motion for a continuance, which was filed two days before trial. Appellants contend that this denial was unreasonable in light of the fact that the court, on October 2, 2006, delayed the start of the trial by one day due to an ongoing criminal jury trial. *Page 6 
 {¶ 23} We reject this argument. Appellants' argument is unpersuasive since their counsel should have known a conflict would arise well before the required thirty day time period for a motion for continuance mandated by Sup. R. 41(B) and the fourteen day time period mandated by the local Ashtabula County Common Pleas Court rules. As a prosecutor, appellants' counsel surely was aware of his scheduled Rocky River Municipal Court docket thirty days before the scheduled trial date, and until the plaintiff-appellee in this case agreed to waive a jury trial on October 2, 2006, appellants' counsel was on notice that the instant case was scheduled for a jury trial, which in the normal course in common pleas court would take, at a minimum, two days.
 {¶ 24} Sup. R. 41(B)(1) provides, in pertinent part: "The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached to the motion and the motion is filed not less than thirty days prior to trial."
 {¶ 25} In Wheaton, we reviewed the exception to this general rule: "The duty to move for a continuance of a case set for trial on the same date as an attorney has another trial already scheduled is not abrogated by the possibility that the earlier set case will be settled or otherwise disposed of prior to trial. If the attorney chooses to delay a motion for continuance because of an expectation that the scheduling conflict will be resolved, it is done at the risk that no continuance will be granted in the later-set case. A trial court may exercise its discretion in deciding whether a motion for a continuance was timely made, and if it holds that the motion was not timely, it may proceed to adjudication of the case ex parte. * * *" Id. at 7, citing Alex N. SillCo. v. Fazio (1981), 2 Ohio App.3d 65, 68. *Page 7 
 {¶ 26} It must also be noted that appellants' counsel failed to supply the trial court with any evidence that the Rocky River Municipal Court cases were set for trial by that court before the instant case was scheduled for trial by the court below on April 28, 2006, as required by Sup. R. 41(B)(1). In addition, counsel had previously waited until two business days before the scheduled mediation in this case to request a continuance because of schedule conflicts.
 {¶ 27} From the outset, all the parties demanded a jury trial. Thus, thirty days before trial, appellants' counsel knew that a jury trial was scheduled for October 4, 2006. Attorneys who try cases can never expect that jury trial in common pleas court will take only one day. At the same time, as a prosecutor, appellants' counsel should also have known that he would have a full schedule of criminal hearings in the Rocky River Municipal Court on October 5, 2006. At this point, there were direct conflicts in his schedule. His belief or hope that this case would proceed to a bench trial on October 4 that would allow him to keep his docket in municipal court on October 5 was a false hope. Appellants' counsel chose not to file a motion to continue the trial in this case until the eleventh hour and instead took the risk that the parties would agree to a bench trial that would only take one day. Appellants' counsel rolled the dice and lost. Unfortunately, this gamble forced his clients to proceed unrepresented as appellants' counsel was not prepared with substitute counsel for either of his cases in municipal court or before the common pleas court.
 {¶ 28} Thus, it is clear in the case sub judice that appellants' counsel knew that he had a potential conflict. He assumed the trial would only take one day because he anticipated that before the case proceeded to trial, the parties would stipulate to a *Page 8 
bench trial. This stipulation did not occur until October 2, 2006, two days before trial. The other parties had complied with the trial court order and were prepared to proceed to trial.
 {¶ 29} While he may have had a legitimate reason to believe that the conflict would disappear based upon his expectations, his decision to not timely file a motion for continuance, when he knew a conflict was present, was done at his own risk and unfortunately, that of his clients.
 {¶ 30} Reviewing the relevant factors and the evidence before us, we find no abuse of discretion in the trial court's denial of appellants' motion for a continuance.
 {¶ 31} We find appellants' assignment of error to be without merit.
 {¶ 32} Appellants' assignment of error is overruled.
 {¶ 33} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs, WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.