[Cite as *Broderick v. Paris*, 2018-Ohio-2123.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106987**

---

**JOHN M. BRODERICK**

RELATOR

vs.

**JUDGE MICHELLE L. PARIS**

RESPONDENT

---

**JUDGMENT:**
COMPLAINTS DISMISSED

---

Writs of Prohibition and Mandamus
Order No. 516681

**RELEASE DATE:** May 25, 2018

**ATTORNEY FOR RELATOR**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, Ohio   44124


**ATTORNEYS FOR RESPONDENT**

Anne Marie Sferra
William D. Mason
Bricker & Eckler L.L.P.
1001 Lakeside Avenue East, Suite 1350
Cleveland, Ohio   44114

MARY J. BOYLE, J.:

{¶1}   On March 28, 2018, the relator, John M. Broderick, commenced this prohibition and mandamus action against the respondent, Judge Michelle Paris, to prevent her from enforcing a condition of probation that Broderick may not have weapons in the marital home during probation and to compel her to amend the conditions of probation to allow him to possess firearms in his home.   He also seeks an alternative writ to stay the condition of probation while this court reviews his writ action.   On April 24, 2018, the respondent judge filed a motion to dismiss.   Broderick filed his brief in opposition on May 7, 2018.   For the following reasons, this court grants the motion to dismiss, and dismisses the applications for writs of prohibition, mandamus, and an alternative writ.

{¶2}   The complaint and its attachments show that on December 22, 2017, while Broderick was intoxicated, he argued with his wife over hunting and politics.   During this argument, he struck his wife twice in the face, knocked her glasses off, and jumped on her.   At this point, their minor son intervened to pull Broderick off his mother, and their minor daughter

called the police. When the police arrived they noticed that Broderick appeared to be highly intoxicated and that the wife had visible redness on her face. The police arrested Broderick for domestic violence. At the time of the arrest, the wife handed over approximately 14 firearms that were in the house.

{¶3} On February 28, 2018, Broderick pled guilty to disorderly conduct, and in an order journalized on March 12, 2018, the respondent judge sentenced him to one-year active probation. One of the conditions of probation is that "Broderick is to have no weapons in the marital residence during the probation period." (Probation order.) He now brings this writ action to contest that condition.

{¶4} Broderick argues that although the judge has discretion in setting the conditions of probation, those conditions must be reasonably related to the goals of community control — rehabilitating the defendant, administering justice, and ensuring good behavior — and not be unduly restrictive of the offender's liberties. *State v. Jones,* 49 Ohio St.3d 51, 550 N.E.2d 469 (1990); *State v. Mahon,* 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295; *State v. Maynard*, 47 Ohio App.3d 76, 547 N.E.2d 409 (6th Dist.1988); *State v. Meldrum*, 5th Dist. Stark No. 2001CA00289, 2002-Ohio-1859. Broderick continues that the subject condition is unlawful because it bears no relation to those goals and infringes on his Second Amendment right to keep and bear arms. Moreover, appeal is not an adequate remedy because an appeal will take almost all of a year, the duration of the probation.

{¶5} These arguments are not well founded. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, mandamus may not control judicial discretion, even if that

discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶6} In the present case, the conditions of probation are within the discretion of the court and are reviewed on an abuse of discretion standard. *Mahon, supra,* at ¶ 6. Mandamus does not lie for an abuse of discretion, even if the court grossly abuses its discretion. Thus, mandamus will not issue.

{¶7} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in

deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶8} R.C. 2929.25(A)(1)(a) grants the court the power to "impose any other conditions of release under a community control sanction that the court considers appropriate." Thus, the respondent judge was acting within her statutorily granted jurisdiction and power when she imposed that condition of probation. Prohibition will not lie if the court is acting within its jurisdiction.

{¶9} Moreover, delays and inconveniences do not render the appeal an inadequate remedy. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.*, 61 Ohio St.3d 429, 575 N.E.2d 181 (1991). The court further notes that Broderick has appealed his sentence

in *Solon v. Broderick*, 8th Dist. Cuyahoga No. 107043. Furthermore, the cases he relies upon — *Jones, Mahon, Maynard,* and *Meldrum* — were resolved on appeal, not through an extraordinary writ.

{¶10} Accordingly, this court grants the motion to dismiss and dismisses the applications for writs of mandamus, prohibition and an alternative writ. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶11} Complaints dismissed.


MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR