[Cite as *State ex rel. E.M. v. Jones*, 2022-Ohio-1178.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE EX REL., E.M., :

      Relator, :

                               No. 111402

      v. :

THE HONORABLE JUDGE TONYA :
R. JONES,

                        :

      Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** April 1, 2022

---

Writ of Mandamus
Order No. 553754

---

***Appearances:***

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A.
Cruz, *for relator*.

LISA B. FORBES, P.J.:

{¶ 1} Relator, E.M., seeks a peremptory writ of mandamus directing respondent, Judge Tonya R. Jones, to continue a trial scheduled for April 1, 2022. After reviewing the complaint in this matter and the attached documents, we deny the requested writ.

## I. Background

{¶ 2} According to E.M.'s complaint, he is a party to divorce proceeding currently pending before respondent in *M.M. v. E.M.*, Cuyahoga County C.P. No. DR-19-376298. On November 22, 2021, a trial was scheduled for April 1, 2022, to address the following motions: Motion to show cause for nonpayment of temporary support filed September 20, 2019; Motion to show cause for nonpayment of temporary support filed November 22, 2019; Motion to modify temporary support filed April 2, 2020; Motion to show cause for nonpayment of medical expenses filed January 21, 2021; and Motion to modify temporary support filed April 16, 2021. The complaint alleges that E.M., on March 25, 2022, filed a motion to continue the scheduled April 1, 2022 trial. In the motion, E.M. asserted that his counsel was "scheduled to be in day eight (8) of an ongoing trial" in Geauga County that was scheduled on July 9, 2021. The motion, and a supplemental motion filed on March 28, 2022, argued that the trial court must continue the April 1 trial based on the Ohio Rules of Superintendence, specifically Sup.R. 41. E.M. made other arguments that are not germane to the instant action. The complaint alleges that on March 29, 2022, a judgment entry was issued denying E.M.'s motion for a continuance that was signed by both the magistrate before whom the April 1, 2022 proceedings are to take place and respondent. E.M. then filed the instant complaint on March 31, 2022.

**II. Law and Analysis**

**A. Standards Applicable to this Action**

{¶ 3} E.M. seeks a peremptory writ. Pursuant to R.C. 2731.06, a peremptory writ may be granted when "the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it * * *." E.M. seeks a peremptory writ given the immediate nature of his request for relief.

> A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The relator must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2.

*State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18. Therefore, to succeed in this action, it must be clear on the face of the complaint that E.M. is entitled to the relief requested in the complaint.

**B. Clear Legal Duty**

{¶ 4} E.M. argues first that there is a clear legal duty on the part of respondent to continue the hearing because his attorney is engaged in another court matter that was scheduled first. He claims that Sup.R. 41 imposes a mandatory obligation on the part of respondent to continue the later-scheduled hearing. E.M. cites the following language in the rule in support:

> When a continuance is requested for the reasons that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case which was first set for trial shall have priority and shall be tried on the date assigned.

Criminal cases assigned for trial have priority over civil cases assigned for trial.

Sup.R. 41(B)(1). E.M. goes on to argue that this rule is mandatory and establishes a clear legal duty on the part of respondent to continue the later-scheduled proceedings in her court. E.M. also points to a case that stands for the proposition that this rule is mandatory.[1] *Smith v. Dartt*, 6th Dist. Lucas No. L-05-1124, 2005-Ohio-1885. There, the Sixth District indeed held that this provision of Sup.R. 41 was mandatory and it granted a writ of mandamus directing a respondent judge to continue a scheduled proceeding. E.M. goes on to assert that this makes clear that he is entitled to a peremptory writ.

{¶ 5} However, E.M. has left out vital language from Sup.R. 41(B)(1). The rule continues: "The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached to the motion and the motion is filed not less than thirty days prior to trial." This language makes it abundantly clear that a judge has no obligation to grant a motion for continuance due to a conflict in an attorney's schedule that is not filed in a timely manner. In fact, an attorney who fails to timely resolve scheduling conflicts does so at the peril of his or her client.

> "If the attorney chooses to delay a motion for continuance because of expectation that the scheduling conflict will be resolved, it is done at the risk that no continuance will be granted in the later-set case. A court may exercise its discretion in deciding whether a motion for a continuance was timely

---

[1] Generally, the Ohio Rules of Superintendence do not establish substantive rights. *In re Adm. Actions*, 162 Ohio St.3d 1407, 2021-Ohio-931, 165 N.E.3d 322, ¶ 4.

made, and if it holds that the motion was not timely, it may proceed to adjudication of the case ex parte."

*Timeoni v. Ciancibelli*, 11th Dist. Ashtabula No. 2006-A-0077, 2007-Ohio-2312, ¶ 25, quoting *Wheaton Industries, Inc. v. Fashion Two Twenty, Inc.*, 11th Dist. Portage No. 90-P-2185, 1993 Ohio App. LEXIS 4066, 7 (Aug. 20, 1993). *See also Touche Ross & Co. v. Landskroner*, 20 Ohio App.3d 354, 486 N.E.2d 850 (8th Dist.1984) (The trial court did not abuse its discretion in denying an untimely motion for continuance when counsel was aware of the conflict more than one month prior to trial.); *Alex N. Sill Co. v. Fazio*, 2 Ohio App.3d 65, 440 N.E.2d 807 (8th Dist.1981) (A party has a duty to move for a continuance due to conflicting trial assignment dates within a reasonable time and an untimely motion may be denied within the trial court's discretion.).

{¶ 6} Here, E.M. admits that he was on notice of the Geauga County proceeding in July 2021. The April 1 trial was scheduled in the underlying case pending before respondent on November 22, 2021. Yet, E.M. did not request the continuance until March 25, 2022, seven days prior to trial. Respondent had no clear legal duty to grant E.M.'s motion based on Sup.R. 41. Even if respondent has abused her discretion in denying the continuance, mandamus is unavailable to control judicial discretion, even if that discretion is grossly abused. *Broderick v. Paris*, 8th Dist. Cuyahoga No. 106987, 2018-Ohio-2123, ¶ 6. Under these circumstances, E.M. is not entitled to a peremptory writ of mandamus based on this allegation in his complaint.

{¶ 7} E.M. also argues that a peremptory writ must issue because respondent merely rubber-stamped the judgment entry denying his motion for continuance and robbed him of his opportunity for respondent to properly review the decision of the magistrate.

{¶ 8} On March 29, 2022, a judgment entry was issued denying E.M.'s motion for continuance that was signed by both the magistrate and respondent. It was not identified as a magistrate's order. It is a judgment entry signed by respondent. But, if it was a magistrate's order, Civ.R. 53(D)(2)(a)(i) gives a magistrate the ability, without judicial approval, to issue orders "necessary to regulate the proceedings" if not dispositive of a claim or defense. Therefore, the magistrate's order denying a motion for continuance was an order that was effective regardless of its adoption by a judge. *See Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 25 (stating that magistrates can issue orders that are effective without judicial approval such as discovery orders and requests for motions for continuances). When such an order is issued, Civ.R. 53(D)(2)(b) gives an aggrieved party the option to file a motion to set aside the magistrate's order. The rule specifies that the pendency of the motion does not stay the effectiveness of the magistrate's order, although the court may stay the effectiveness of the order if it chooses. There is no requirement under these provisions that a trial court adopt the order or set forth its own judgment as there is with a magistrate's decision issued under Civ.R. 53(D)(3). E.M. relies on inapplicable case law interpreting provisions of Civ.R. 53(B)(3), which governs magistrate's decisions, not magistrate's orders

issued pursuant to Civ.R. 53(D)(2). There are meaningful distinctions between the two. *See generally Reisinger v. Reisinger*, 9th Dist. Lorain No. 18CA011444, 2019-Ohio-2268, ¶ 10-11.

{¶ 9} Respondent would have a duty to review the magistrate's order if a timely motion to set aside has been filed. Civ.R. 53(D)(2)(b). E.M. has not claimed that he filed a motion to set aside the order. Further, even under Civ.R. 53(D)(3), dealing with a magistrate's decision, a judge may issue an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections where immediate relief is justified. Civ.R. 53(D)(3)(e)(ii).

{¶ 10} We find that E.M. has not shown that he is entitled to the legal remedy he seeks simply because a judgment entry that affects the scheduling and regulation of proceedings was signed by both respondent and a magistrate. E.M. is not entitled to peremptory writ of mandamus on the allegations made in his complaint.

{¶ 11} We deny the request for peremptory writ. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 12} Writ denied.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR