[Cite as *State ex rel. J.H. v. Jones*, 2023-Ohio-1902.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. J.H.,                     :

    Relator,                          :

                                 No. 112825

    v.                                :

JUDGE TONYA R. JONES,                   :

    Respondent.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** June 7, 2023

---

Writ of Mandamus
Order No. 564988

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for relator*.

MARY EILEEN KILBANE, J.:

{¶ 1} On June 6, 2023, the relator, J.H., the defendant in the underlying case, *C.H. v. J.H.*, Cuyahoga D.R. No. DR-17-369147, filed this mandamus action against the respondent, Judge Tonya R. Jones, to compel the judge to grant a continuance

for a trial scheduled in the underlying case for June 7, 2023. For the following reasons, this court denies the application for a writ of mandamus.

{¶ 2} The attorney for the relator also represents the defendant in *J.S. v. A.S.*, Cuyahoga D.R. No. DR-19-375930. The judge in that case on January 26, 2023, scheduled trial dates for June 5-9, 2023.

{¶ 3} In the underlying case, a March 8, 2023 magistrate's order denied relator's attorney's motion to continue an April 4, 2023 trial date. Relator's attorney then moved the respondent to set aside the magistrate's order. In a March 27, 2023 order, the judge first noted the difficulties the relator's attorney had in setting trial dates. The magistrate had noted there had been "multiple attempts to secure mutually agreed upon date(s)" but relator's attorney "has consistently represented that he is unavailable to reschedule the matter. Neither the Guardian ad litem nor Counsel for Plaintiff/Father have presented the same problem to the Court." The judge continued that in efforts to schedule the trial, relator's attorney "either did not respond to attempts to secure dates or only offered available dates well outside of the scheduling window proposed by the Court." Nevertheless, the respondent judge granted the relator's attorney's motion to set aside the magistrate's order and then ordered that the "in-person trial is rescheduled to the mutually agreed upon dates of June 7, 2023, June 8, 2023, August 2, 2023, and August 3, 2023." The order concluded:

> COUNSEL WILL NOT BE EXCUSED TO ATTEND OTHER COURT
> COMMITMENTS AND SHALL PROVIDE SUBSTITUTE COUNSEL IF

(S)HE IS UNABLE TO APPEAR. NO FURTHER CONTINUANCES WILL BE GRANTED ABSENT AN EMERGENCY SITUATION.

{¶ 4} Relator's attorney now represents that the respondent judge knew about the conflict and that the respondent judge said she would not go forward with the June dates unless she could get relator's attorney released from the trial in DR-19-375390. On June 1, 2023, the respondent judge issued a sua sponte order confirming that the trial of the underlying case would go forward on June 7, 2023. In doing so, she reiterated the relevant portions of her March 27, 2023 journal entry and that all counsel had agreed to this date.

{¶ 5} On June 2, 2023, relator's attorney moved to continue the hearing date because of the conflict. The respondent judge denied the motion noting that the dates were mutually agreed upon dates. Relator's attorney moved for reconsideration, arguing that there was no certainty in the date, and commenced this writ action.

{¶ 6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist.

Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 7} Additionally, the court has discretion in issuing the writ. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless.

Id. at 161-162. *See also State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62, 378 N.E.2d 152 (1978); *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59, 378 N.E.2d 150 (1978);

and *State ex rel. Mettler v. Commrs. of Athens Cty.*, 139 Ohio St. 86, 38 N.E.2d 393 (1941).

{¶ 8} Relator's attorney argues that Sup.R. 41 and *Smith v. Dartt*, 6th Dist. Lucas No. L-05-1124, 2005-Ohio-1885, have created a mandatory duty enforceable in mandamus to compel a continuance when there is a conflict between trial dates; the case that was first set for trial shall have priority. This court examined this issue in *State ex rel. E.M. v. Jones*, 8th Dist. Cuyahoga No. 111402, 2022-Ohio-1178. This court denied the writ of mandamus because the relator had not complied with the requirement of Sup.R. 41(B)(1) that the continuance motion must be filed not less than 30 days prior to trial.

{¶ 9} So too in the present case, despite the respondent judge setting the trial dates on March 27, 2023, relator's attorney waited more than two months until five days before trial to file the motion for continuance. In *Jones* at ¶ 5, this court noted:

> "'If the attorney chooses to delay a motion for continuance because of expectation that the scheduling conflict will be resolved, it is done at the risk that no continuance will be granted in the later-set case. A court may exercise its discretion in deciding whether a motion for a continuance was timely made, and if it holds that the motion was not timely, it may proceed to adjudication of the case ex parte.'"

*Id.*, quoting *Timeoni v. Ciancibelli*, 11th Dist. Ashtabula No. 2006-A0077, 2007-Ohio-2312, ¶ 25, quoting *Wheaton Industries, Inc. v. Fashion Two Twenty, Inc.*, 11th Dist. Portage No. 90-P-2185, 1993 Ohio App. LEXIS 4066, 7 (Aug. 20, 1993). *See also Touche Ross & Co. v. Landskroner*, 20 Ohio App.3d 354, 486 N.E.2d 850

(8th Dist.1984) (The trial court did not abuse its discretion in denying an untimely motion for continuance when counsel was aware of the conflict more than one month prior to trial.); *Alex N. Sill Co. v. Fazio*, 2 Ohio App.3d 65, 440 N.E.2d 807 (8th Dist.1981).

{¶ 10} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B)

{¶ 11} Writ denied.

---

MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR